UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| BRIAN GANN,<br><br>Plaintiff,<br><br>v.<br><br>BOB EDWARDS,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:26-CV-00085-TAV-JEM |

**ORDER AND REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636 and the Rules of this Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 4] and Second Amended Complaint for Violation of Civil Rights [Doc. 11]. For the reasons more fully stated below, the Court **GRANTS** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [**Doc. 4**]. The Court will therefore allow Plaintiff to file his Second Amended Complaint without the prepayment of costs. The Court, however, **RECOMMENDS** that the District Judge dismiss Plaintiff's Second Amended Complaint [Doc. 11].

## I. DETERMINATION ABOUT THE FILING FEE

Plaintiff has filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"), with the required detailing of his financial condition, and his Prisoner Account Statement Certificate ("Certificate") as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a)(2) [Doc. 4]. Plaintiff attests that he is not able to afford the filing fee. The Application and his Certificate demonstrate that Plaintiff has no income and no assets,

and he has $0 in his inmate account. The Court therefore finds he is unable to prepay such fees. Accordingly, the Court **GRANTS** Plaintiff's Application [**Doc. 4**].

Because Plaintiff is an inmate in the Blount County Detention Center, however, he is **ASSESSED** the civil filing fee of $350.00. The Court **DIRECTS** the custodian of Plaintiff's inmate trust account to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) & (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Court **DIRECTS** the Clerk to send a copy of this order to the custodian of inmate accounts at the institution where Plaintiff is now confined to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA relating to payment of the filing fee. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

The Court **DIRECTS** the Clerk to file the Amended Complaint in this case without payment of costs or fees. The Clerk **SHALL NOT**, however, issue process at this time.

## II. RECOMMENDATIONS AFTER SCREENING THE COMPLAINT

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Specifically, under Rule 8(a) of the Federal Rules of Civil Procedure, a pleading must provide:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
>
> (2) a short and plain statement of the claim showing that the pleading is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a)(1)–(3). Otherwise, the complaint is subject to dismissal under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### A. Summary of the Complaint

Plaintiff alleges violations of 42 U.S.C. § 1983 against Bob Edwards ("Defendant"), in his official capacity [Doc. 11 p. 2]. According to Plaintiff, on February 20, 2018, he was arrested for child rape and has since been detained pretrial in Blount County Jail [*Id.* at 4]. Plaintiff asserts Defendant is prosecuting his case in Roane County, Tennessee [*Id.*]. Plaintiff asserts he received his first plea offer in 2020 for an eight-year sentence; Plaintiff declined this offer [*Id.*]. In 2022, Plaintiff states he agreed to a plea offer with a six-year sentence, but the "offer [was] taken [b]ack [b]efore [Plaintiff] could go in front of the judge" [*Id.*]. Plaintiff claims he currently has a plea offer for a ten-year sentence [*Id.*].

Plaintiff alleges that Defendant "is delaying [his] case by putting off the mental health evaluations and competency hearing" [*Id.*]. According to Plaintiff, in 2020, "the doctor said [he] was incompetent to stand trial" [*Id.*]. Furthermore, Plaintiff states, Defendant "is delaying my case on purpose for [r]etaliation of the threats [Plaintiff] made to them;" these threats are also "why [Plaintiff is] housed in Blount County jail [i]nstead of Roane County [Jail]" [*Id.*].

Plaintiff alleges violations of his Sixth Amendment right to a speedy trial [*Id.* at 3]. Plaintiff asserts that his "injuries suffered are prolonged detention in county jail causing more mental issues" [*Id.* at 4]. Plaintiff seeks $100 for each day that he has been incarcerated pretrial to compensate for Plaintiff's pain, suffering, and "mental issues they have caused [him] during this delay" [*Id.* at 6].

### B. Screening of the Complaint

On August 26, 2026, the Court entered an order noting several issues with the Complaint and the Amended Complaint [Doc. 1; Doc. 5]. The Court explained:

> First, Plaintiff does not specify whether he is suing Defendant in his official capacity, individual capacity, or both. Regardless, there are

> no allegations against Defendant in the complaints. For example, the complaints do not state that Defendant is the prosecutor assigned to Plaintiff's underlying criminal case nor any actions by Defendant that have contributed to the delay in the speedy trial of Plaintiff's underlying criminal case. Without any allegations, Plaintiff cannot state a claim of relief against Defendant. *See Gilmore v. Corrs. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983." (citation omitted)).
>
> Second, neither Plaintiff's original Complaint nor his Amended Complaint contains a valid demand for relief in compliance with Rule 8(a) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8(a)(3). Plaintiff used a "Complaint for Violation of Civil Rights 42 U.S.C. Section 1983" form for both of his complaints, but he does not specify whether he is seeking monetary, equitable, or other relief.

[Doc. 10 p. 3]. Instead of recommending dismissal, the Court granted Plaintiff leave to file a Second Amended Complaint by September 25, 2026 [*Id.* at 4]. Plaintiff filed his Second Amended Complaint on September 18, 2026 [Doc. 11].

Starting with 42 U.S.C. § 1983, this statute allows a plaintiff to seek redress from state actors for "the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983; *see also Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To state a claim under § 1983, a plaintiff must allege (1) a deprivation of rights secured by the "Constitution and laws" of the United States and (2) that a defendant caused harm while acting under the color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Plaintiff's claim against Defendant is barred by immunity. As a Tennessee district attorney, Defendant is a state employee, meaning the official capacity claim is against the State of Tennessee. *See Easterday v. Robinson*, 794 F. Supp. 3d 531, 536 (E.D. Tenn. 2025) ("Assistant district attorneys are therefore state, not county, employees." (citations omitted)); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official

capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." (citations omitted)). "The Eleventh Amendment 'grants the States sovereign immunity from a private party's suit against them in federal court[,]' including claims brought under § 1983." *Smith v. Dunn*, No. 3:25-CV-50, 2026 WL 2687009, at *5 (E.D. Tenn. Sept. 14, 2026) (alteration in original) (quoting *Pichiorri v. Burghes*, 162 F.4th 745, 752 (6th Cir. 2025)). While there are exceptions to this immunity, *see id.* (explaining the exceptions), no exception appears applicable here. Accordingly, Plaintiff's monetary claim against Defendant in his official capacity is barred by the Eleventh Amendment. *Cady v. Arenac Cnty.*, 574 F.3d 334, 342 (6th Cir. 2009).

## III. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [**Doc. 4**]. But no process shall issue until the District Judge has ruled upon this Report and Recommendation[1] because the undersigned **RECOMMENDS**[2] that the District Judge **DISMISS** the Second Amended Complaint [**Doc. 11**] in its entirety.

---

[1] This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 263 (6th Cir. 1990), wherein the Court of Appeals states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed without prepayment of costs.

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of the Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Respectfully submitted,

Jill E. McCook
United States Magistrate Judge